# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2481

_____

Elvin Castillo-Gutierrez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 22, 2015
Filed: January 5, 2016

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Elvin Castillo-Gutierrez petitions for review of the Board of Immigration Appeals' (BIA) decision rejecting his claims that he should not be returned to Nicaragua. Castillo's brother was brutally murdered by local police in Nicaragua. Castillo, a native Nicaraguan, fears return to Nicaragua would place him in grave danger from persecution by those responsible for his brother's death. An immigration

judge (IJ) ordered his removal, concluding that he failed to satisfy the requirements for asylum, withholding of removal, and withholding under the convention against torture (CAT). The BIA agreed, concluding that Castillo's fear of future persecution was not objectively reasonable. We deny his petition for review.

## I. *Background*

Castillo left Nicaragua and entered this country illegally in 2006. After the Department of Homeland Security initiated proceedings to remove Castillo, he learned that local police officers killed his brother, Noel, in his hometown. Castillo does not challenge his removability but seeks relief that would enable him to remain in the United States. According to Castillo, if he is returned to Nicaragua, he will seek justice for his brother. But he fears that this course of action will subject him to police retaliation.

Castillo's brother, Noel, was beaten to death by local police officers in Nicaragua. Noel, while intoxicated, attempted to enter a hospital to visit a niece and was rebuffed by hospital security. Noel tried to force his way into the hospital, and local police responded. The police officers beat Noel to death and dumped his body nearby. Miguel, a family friend, witnessed Noel's murder. After Noel died, one of the officers threatened Miguel that "something might happen to him" if he told anyone what he saw. Despite the threat, Miguel informed another of Castillo's brothers, Orlando.

Several months later, Orlando filed a complaint regarding Noel's death with the police department and wrote to a human rights organization in Nicaragua. Neither organization has pursued the matter, and the police officers responsible have not been prosecuted. To date, Castillo's family has not suffered any retaliation from the police. Orlando believes that the police are looking for him, but he has been able to avoid them by living in a rural area a few miles outside of the city.

After considering hearing testimony and documentary evidence, the IJ denied Castillo's request for asylum, withholding of removal, and relief under the CAT.

The BIA affirmed the IJ's denial of asylum, finding that Castillo failed to establish that his fear of future persecution was objectively reasonable. The BIA noted that Castillo did "not identify any objective evidence that private individuals who investigate the death of relatives are persecuted in Nicaragua." The BIA also found that "[t]he presence of unharmed family members [and friends] in Nicaragua significantly undermines [Castillo's] claimed fear." In particular, the BIA noted that "[o]ne of [Castillo's] remaining brothers has filed a report and contacted a human rights group" and that "his brother's actions [have not] resulted in any actual harm to him." Similarly, Miguel, "has not experienced any harassment aside from [the] unfulfilled threat." Accordingly, the BIA concluded that "the Immigration Judge properly denied [Castillo's] request for asylum."

The BIA also affirmed the IJ's denial of withholding of removal and withholding under the CAT. Citing *Malonga v. Mukasey*, 546 F.3d 546, 551 (8th Cir. 2008), the BIA held that because Castillo "has not met the lower standard of showing a well-founded fear of future persecution for purposes of asylum, he has necessarily not established a clear probability of future persecution" for purposes of his request for withholding of removal. Applying *Alemu v. Gonzales*, 403 F.3d 572, 576 (8th Cir. 2005), the BIA additionally held that because Castillo "has not presented an unrelated claim to protection under the Convention Against Torture, the Immigration Judge properly denied that request as well."

The IJ decided this case in Kansas City, Missouri. Accordingly, we have jurisdiction to review the final order of the BIA pursuant to 8 U.S.C. § 1252(a).

## II. *Discussion*

### A. *Standard of Review*

"We must affirm the agency's decision that [Castillo] is not eligible for asylum if it is supported by substantial evidence on the administrative record considered as a whole." *See Melecio-Saquil v. Ashcroft*, 337 F.3d 983, 986–87 (8th Cir. 2003) (citation omitted). Castillo thus "bears the heavy burden of showing that his evidence 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *See Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)).

### B. *Asylum*

To obtain asylum, Castillo must demonstrate either past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. §§ 1101(a)(42), 1229a(c)(4); *Elias-Zacarias*, 502 U.S. at 481. A fear of future persecution is "well founded" if it "is both subjectively genuine and objectively reasonable." *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997) (citation omitted). "For an alien's fear of persecution to be objectively reasonable, the fear must have basis in reality and must be neither irrational nor so speculative or general as to lack credibility." *Perinpanathan v. INS*, 310 F.3d 594, 598 (8th Cir. 2002) (citation omitted). Moreover, "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii).

The BIA determined that Castillo's fear was not objectively reasonable. Castillo argues that

> a review of the record as a whole reveals that [his] testimony, [which was] specifically deemed credible [by the IJ], along with the voluminous

documentary evidence on country conditions in Nicaragua, more than demonstrate that his fear [of future persecution] is objectively reasonable such that no reasonable adjudicator could fail to reach this conclusion.

He points to three facts, asserting that they undermine the BIA's determination by showing it is not based on the record as a whole. First, he argues that Miguel, who witnessed Noel's beating and death, has not been harmed because "other than privately telling Mr. Castillo's family what happened, Miguel has never tried to report the incident to authorities or anyone else who could take action publicly." In contrast, Castillo asserts that his safety will be in jeopardy because he feels duty bound to take public, not private, action against the police. Second, he argues that unlike his brother Orlando, who has filed a police report and is "the subject of intensive scrutiny by the police," the "affirmative and wide-ranging steps that Mr. Castillo will take in Nicaragua will increase his interest to the government and law enforcement many times over." Finally, he argues that the BIA "did not adequately account for the extensive evidence of country conditions in Nicaragua" that has been documented by the Department of State.

Castillo's evidence and argument fail to state a case "'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Melecio-Saquil*, 337 F.3d at 986 (quoting *Elias-Zacarias*, 502 U.S. at 483–84). The BIA considered Miguel's and Orlando's actions, along with the police response or nonresponse, and declined to alter its decision. First, Miguel remains unharmed despite disregarding the police threat and telling Castillo's family what he witnessed. Similarly, Orlando filed a local police report on the basis of Miguel's eye-witness statement and has not been harmed. These facts provide substantial evidence to support the BIA's determination that the threat against Miguel—and by extension Castillo—is speculative. Second, Castillo's brother lives just three miles from their hometown, but the "intensive scrutiny" after he filed a police report has not amounted

to actual harm. On this record, the BIA could conclude that Castillo's fear is speculative, even if he increased his public accusation of the police. This is especially true in light of his ability to relocate.

Additionally, Castillo's evidence of Nicaraguan human-rights practices do not compel a contrary conclusion. Castillo's evidence includes nine killings by security forces and the arbitrary arrest, detention, and torture of four persons near Castillo's home town in 2011. The relatively limited number and generalized character of these incidents provide substantial evidence to support the BIA's determination that Castillo's fear is speculative.

In sum, Castillo fails to establish facts "'so compelling that no reasonable factfinder could fail to find the requisite [objective] fear of persecution'" necessary for asylum. *Id.* (quoting *Elias-Zacarias*, 502 U.S. at 483–84).

C. *Withholding of Removal and Withholding Under the CAT*

Finally, we have held that "[t]he clear probability standard for withholding of removal is more onerous than the well-founded fear standard for asylum." *Malonga*, 546 F.3d at 551 (citation omitted). And relief under the CAT requires alternative factual grounds when a request for asylum has been found insufficient. *Alemu*, 403 F.3d at 576. Accordingly, the BIA properly rejected Castillo's claims for withholding of removal and withholding under the CAT because Castillo failed to satisfy the legal requirements of asylum and has presented no alternative factual basis for relief under the CAT.

III. *Conclusion*

Accordingly, we deny Castillo's petition for review.

———————————————