# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2688
_____

Hector Antonio Fabian

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 21, 2020
Filed: May 27, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Hector Antonio Fabian, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals that upheld an immigration judge's denial of asylum, withholding of removal, and special rule cancellation of removal under section 203(b) of the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2198, *amended by* Pub. L. No. 105-139,

111 Stat. 2644 (1997). Having jurisdiction under 8 U.S.C. 1252(a)(1), and under (a)(2)(D) to review constitutional claims or questions of law, this court finds no basis for reversal.

Substantial evidence supports the agency's determination that Fabian was not entitled to asylum because he did not demonstrate past persecution or an objectively reasonable well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1) (asylum requirements); *Mayorga-Rosa v. Sessions*, 888 F.3d 379, 382 (8th Cir. 2018) (standard of review); *see also Castillo-Gutierrez v. Lynch*, 809 F.3d 449, 452 (8th Cir. 2016) (to be objectively reasonable, fear of persecution must not be speculative); *Barillas-Mendez v. Lynch*, 790 F.3d 787, 789 (8th Cir. 2015) (persecution is extreme concept that excludes low-level intimidation and harassment, and isolated violence); *Al Yatim v. Mukasey*, 531 F.3d 584, 588-89 (8th Cir. 2008) (difficulties from generalized violence or crime typically do not qualify as persecution). Because Fabian failed to satisfy his burden of proof for his asylum claim, he necessarily failed to satisfy the more rigorous standard for withholding of removal. *See Al Tawm v. Ashcroft*, 363 F.3d 740, 744 (8th Cir. 2004).

This court is without jurisdiction to review the agency's discretionary decision to deny special rule cancellation of removal, except to the extent that Fabian has raised a constitutional claim or question of law. *See* NACARA § 203(b); 8 U.S.C. § 1252(a)(2)(B)(i) (jurisdictional bar on reviewing, as relevant, discretionary denial of cancellation of removal), (a)(2)(D) (exceptions to jurisdictional bar). This court concludes that it lacks jurisdiction to review Fabian's argument that the agency improperly weighed the factors in exercising its discretion to deny special rule cancellation of removal, as this does not raise a constitutional claim or question of law outside of the jurisdictional bar. *See Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008); *see also Monroy v. Lynch*, 821 F.3d 1175, 1176-78 (9th Cir. 2016). To the extent Fabian argues that the agency was prohibited, as a matter of law, from considering convictions outside of the seven-year time frame in exercising its

discretion, this court discerns no error. *See Argueta v. Holder*, 617 F.3d 109, 111-13 (2d Cir. 2010); *cf. Ikenokwalu-White v. I.N.S.*, 316 F.3d 798, 805-06 (8th Cir. 2003).

The petition is denied to the extent Fabian challenges the agency's adverse asylum and withholding of removal determinations or raises a legal challenge to the denial of special rule cancellation of removal, and is dismissed in all other respects for lack of jurisdiction. *See* 8th Cir. R. 47B.

_____