# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2415

_____

Teresa De Jesus Padilla-Franco; Darlyn Yorleny Guillen-Padilla; Monica Ahimar Guillen-Padilla

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*s
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 13, 2021
Filed: June 2, 2021
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Teresa Padilla-Franco is a Honduran national who entered the United States with her children and applied for asylum and withholding of removal. Her requests were denied, and the Board of Immigration Appeals affirmed the Immigration Judge's decision. We deny her petition for review.

I.

Before Padilla-Franco fled Honduras, her father made a land-swap deal with a man known as "Pinto." But Pinto traded land he did not actually own. When Padilla-Franco's father discovered the swindle, he refused to sign over the title documents to his own land and Pinto began threatening him.

Pinto's attention shifted to Padilla-Franco after her father was killed in Guatemala during a robbery. Pinto threatened Padilla-Franco, and she feared for her life after one of Pinto's men tried to run her off the road and another came to her home with a gun and said he was there to kill her. Believing the threats were designed to coerce her into signing over the title, Padilla-Franco fled to her cousin's home in Guatemala and then to the United States. Padilla-Franco was told that Pinto burned the land and was waiting for her to return to kill her.

The Immigration Judge denied Padilla-Franco's requests for asylum and withholding of removal. The IJ found that Padilla-Franco did not meet the requirement of showing past persecution because she was not physically harmed in Honduras, the attempt to run her off the road did not suffice, and the emotional harm she experienced did not meet the threshold established by law. The IJ also concluded that Padilla-Franco did not show a strong enough likelihood of future persecution and that she could return to Honduras. Finally, the IJ recognized that while Padilla-Franco's family membership was a sufficiently particular social group, Padilla-Franco's family identity was not a "central reason" why Pinto would do her harm, and so she did not show persecution based on a protected characteristic. Add. 18.

The Board of Immigration Appeals affirmed, saying that the IJ's factfinding was not clearly erroneous and that the IJ properly analyzed the legal issues. Padilla-Franco now petitions for review of the BIA's decision.

## II.

"This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." *R.K.N. v. Holder*, 701 F.3d 535, 537 (8th Cir. 2012). "We review questions of law *de novo*, and we review the agency's factual determinations under the substantial evidence standard, reversing only where a petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner." *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (citation omitted). "To obtain asylum, [an alien] must demonstrate either past persecution or a well-founded fear of future persecution on account of [her] race, religion, nationality, political opinion, or membership in a particular social group." *Castillo-Gutierrez v. Lynch*, 809 F.3d 449, 452 (8th Cir. 2016). The extent of Padilla-Franco's harm is a factual determination, but whether that harm rises to "the legal definition of persecution" is a legal issue we review *de novo*. *Njong v. Whitaker*, 911 F.3d 919, 923 (8th Cir. 2018).

## A.

Padilla-Franco first argues that the BIA reviewed the IJ's legal conclusions for clear error rather than *de novo*, as it is required to do. We believe her interpretation of the BIA's opinion misses the mark.

The two-sentence passage of the BIA's opinion Padilla-Franco highlights reads: "We discern no clear error in the Immigration Judge's findings of fact. The record supports the Immigration Judge's determination that the respondent failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground." Add. 3. Padilla-Franco says that, read in concert, the two sentences mean the BIA applied the clear error standard to the whole case.

Padilla-Franco's reading of the opinion is strained. First, the BIA announced the proper standards of review in the paragraph immediately preceding the passage.

*See* Add. 3 (first recognizing that the IJ's "findings of fact" are reviewed for "clear error[]"; and then explaining that "all other issues" are reviewed "de novo."). Second, it is clear from context that the BIA saw no clearly erroneous findings of fact and said so in the passage's first sentence, and then moved on to analyze legal issues in the second sentence. This two-step approach reflects the order in which the BIA announced the standards of review. Finally, the string-cite that follows the passage is not evidence that it "confused or mixed the standards of review," as Padilla-Franco says. Padilla-Franco Br. 15 (citation omitted). Instead, it shows that the BIA compared the facts in this case to prior cases to see whether the IJ applied the law properly. Checking if there is precedent where less egregious facts led to a determination of persecution is consistent with *de novo* review of legal issues.

Padilla-Franco's alternative argument about the standard of review is also mistaken. She points to a footnote where the BIA said that it was not required to decide an additional issue "in light of the lack of clear error in the Immigration Judge's determination that the respondent failed to satisfy the [requirement that her protected characteristics motivated the harm]." Add. 3 n.2. Padilla-Franco says this is proof that the BIA reviewed the whole case for clear error. But in *Gomez-Garcia v. Sessions*, we understood that the IJ's determination about whether protected characteristics motivated any harm is a factual determination. *See* 861 F.3d 730, 734 (8th Cir. 2017); *see also Turay v. Ashcroft*, 405 F.3d 663, 668 (8th Cir. 2005) (applying the substantial evidence standard to the IJ's motive determination, indicating that the determination is factual). So, the BIA's decision to review that factual issue for clear error was correct.

B.

Padilla-Franco next argues that even if the BIA did review the IJ's legal conclusions *de novo*, the BIA's decision still did not consult the proper factors for deciding whether Padilla-Franco suffered past persecution based on a protected ground. She says she faced past persecution and will face persecution if she returns. We disagree.

-4-

We first consider whether Padilla-Franco's past experiences amounted to "persecution." We review the question of whether the extent of Padilla-Franco's harm, as found by the IJ, "meet[s] the legal definition of persecution" *de novo* because it is a legal issue. *Njong*, 911 F.3d at 923. We review the IJ's determinations about the underlying facts for substantial evidence. *De Castro-Gutierrez*, 713 F.3d at 379 (citation omitted).

To show past persecution, Padilla-Franco points to the threats she received, which the IJ and BIA properly concluded did not rise to the "extreme" level of "persecution." *La v. Holder*, 701 F.3d 566, 570 (8th Cir. 2012) (citation omitted). That is because "[t]hreats alone constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Id.* at 571 (citation omitted). We acknowledge that Padilla-Franco faced emotional harm that resulted in nightmares and stress. But we do not think those symptoms, standing alone, rise to the level of "significant actual suffering or harm." *Id.* (citation omitted). A contrary rule would forge an end-run around our precedents establishing that "[p]ersecution is an extreme concept." *Id.* at 570 (citation omitted).

Even if we assume that Padilla-Franco suffered harm that amounted to past persecution, we would still conclude that it was not motivated by her membership in a particular social group. We review the factual determination about motive for substantial evidence. *See Gomez-Garcia*, 861 F.3d at 734. The record shows that Pinto targeted Padilla-Franco because he assumed she owned the land that once belonged to her father—not because she was related to him. Padilla-Franco concedes this. *See* Padilla-Franco Br. 5 ("She believed they were trying to kidnap her, kill her, or scare [her]—to persuade her to sign the title documents . . . ."). A reasonable factfinder could find as much, so we must affirm.

Finally, we turn to Padilla-Franco's argument that she established a well-founded fear of future persecution. "To overcome the BIA's finding that [she] lacked a well-founded fear of persecution," Padilla-Franco "must show the evidence

-5-

[she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."[1] *Davila-Mejia v. Mukasey*, 531 F.3d 624, 628 (8th Cir. 2008) (citation omitted).

An applicant for asylum cannot establish a well-founded fear of future persecution if she can relocate within her country of nationality and "under all the circumstances it would be reasonable to expect the applicant to do so." *Castillo-Gutierrez*, 809 F.3d at 452 (quoting 8 C.F.R. § 1208.13(b)(2)(ii)). "Regardless of whether an applicant has established persecution in the past, in cases in which the persecutor is . . . a private actor, there shall be a presumption that internal relocation would be reasonable unless the applicant establishes, by a preponderance of the evidence, that it would be unreasonable to relocate." 8 C.F.R. § 1208.13(b)(3)(iii). Pinto was a private actor, so the burden here was on Padilla-Franco.

Padilla-Franco did not carry that burden. The BIA properly affirmed the IJ's decision because the record shows that Padilla-Franco "never attempted to permanently relocate in Honduras" and she otherwise offered insufficient evidence to "meet [the] burden of proof on the issue of relocation." Add. 15. Padilla-Franco proposes several factors the IJ should have explicitly considered,[2] but she does not show that the result would have been different if the IJ had expressly walked through

---

[1]Contrary to Padilla-Franco's claim that the applicable standard for "well-founded" fear is a mere "reasonable possibility" of persecution, Padilla-Franco Br. 11, the case she cites for that proposition explicitly "d[id] not decide the meaning of the phrase 'well-founded fear of persecution.'" *INS v. Stevic*, 467 U.S. 407, 430 (1984).

[2]Padilla-Franco says the BIA and IJ should have considered economic barriers to relocation and social and cultural constraints such as "age, gender, health, and social and familial ties." Padilla-Franco Br. 31 (citation omitted). But the very regulation Padilla-Franco cites (which was amended this year to delete the factors Padilla-Franco mentions) notes that those factors "are not necessarily determinative of whether it would be reasonable for the applicant to relocate." 8 C.F.R. § 208.13(b)(3) (2020). In any case, Padilla-Franco has not shown that those factors would be determinative here.

each of them rather than concluding, as it did, that there was only slight evidence supporting her argument that relocating would be unreasonable. Because a rational factfinder could determine that it was reasonable for Padilla-Franco to relocate, she lacked a well-founded fear of persecution.

In sum, we conclude that Padilla-Franco did not face past persecution based on her membership in a particular social group. She likewise did not show a well-founded fear of future persecution. We acknowledge that the BIA's opinion was short, but we see no evidence that the BIA failed to perform the proper analysis or ignored our caselaw, as Padilla-Franco claims. We have upheld the legal analysis of substantially similar BIA opinions before, and we do so here. *See Lemus-Arita v. Sessions*, 854 F.3d 476, 481 (8th Cir. 2017).

### III.

The petition for review is denied.

_____