# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3136

_____

Olga Patricia Rodriguez-De-Mejia; R.T.M.; Jennifer Patricia Mejia-Rodriguez

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

No. 22-1896

_____

Olga Patricia Rodriguez-De-Mejia; R.T.M.; Jennifer Patricia Mejia-Rodriguez

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 10, 2023
Filed: March 16, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

Olga Patricia Rodriguez-De-Mejia and her daughters, Jennifer Patricia Mejia-Rodriguez and R.T.M., natives and citizens of El Salvador, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Following the withdrawal of their CAT applications, an immigration judge denied their remaining applications. They now petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal and its denial of their motion to reconsider.

Petitioners argue that they are eligible for asylum because they established "persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42). Specifically, they claim that certain threats from and intimidation by gang members constituted persecution or evidence of their fear of future persecution. They argue that the BIA's determination that they were ineligible for asylum is not supported by substantial evidence. See Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020) (reviewing the BIA's legal determinations *de novo* and its factual determinations under the "extremely deferential" substantial evidence standard (quoting Mejia-Ramos v. Barr, 934 F.3d 789, 792 (8th Cir. 2019))).

We conclude that the threats against petitioners did not rise to the level of persecution.[1] See Padilla-Franco v. Garland, 999 F.3d 604, 606 (8th Cir. 2021) (reviewing *de novo* whether the "harm rises to 'the legal definition of persecution'" (quoting Njong v. Whitaker, 911 F.3d 919, 923 (8th Cir. 2018))); De Castro-Gutierrez v. Holder, 713 F.3d 375, 380 (8th Cir. 2013) (concluding that "receiving threatening

_____

[1]We assume without deciding that petitioners did not concede that they had not established persecution, as concluded by the BIA.

phone calls, once being threatened in person, and once being robbed at gunpoint . . . do not rise to the level of persecution, even when considered cumulatively"); Ladyha v. Holder, 588 F.3d 574, 577–78 (8th Cir. 2009) (concluding that threat at knifepoint and warning email did not constitute persecution). Nor did the BIA engage in impermissible factfinding, because none of the facts it relied upon were disputed. See 8 C.F.R. § 1003.1(d)(2)(iv)(A)(4) (permitting the BIA to "take administrative notice of facts that are not reasonably subject to dispute," including "[u]ndisputed facts contained in the record"). We reject petitioners' argument that the BIA's factfinding was incomplete because of its failure to decide whether the aforementioned threats and intimidation caused significant suffering. Padilla-Franco, 999 F.3d at 608 (stating that threats must "cause significant actual suffering or harm" to rise to the level of persecution (quoting La v. Holder, 701 F.3d 566, 570 (8th Cir. 2012)). Our case law does not require a finding on the degree of harm suffered. See De Castro-Gutierrez, 713 F.3d at 380–81; Ladyha, 588 F.3d at 577–78.

Petitioners also failed to demonstrate a well-founded fear of future persecution because they did not show "credible, direct, and specific evidence that a reasonable person in [their] position would fear persecution if returned to [their] native country." See Karim v. Holder, 596 F.3d 893, 897 (8th Cir. 2010) (quoting Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005)). In light of their failure to establish persecution or a well-founded fear of persecution, we do not reach the question whether petitioners can safely relocate within El Salvador. See Cano, 956 F.3d at 1040, n.4.

Having failed to establish their eligibility for asylum, petitioners "necessarily cannot meet the more rigorous standard of proof for withholding of removal." He v. Garland, 24 F.4th 1220, 1226 (8th Cir. 2022). The BIA did not abuse its discretion in denying the motion to reconsider. See Mohamed v. Barr, 983 F.3d 1018, 1022 (8th Cir. 2020) (standard of review). The petition for review is denied.

_____