# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2199

_____

Licely Adalina Cardona-Ramirez; S.A.V.; W.A.V.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 10, 2024
Filed: May 23, 2024
[Unpublished]

_____

Before SMITH, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Licely Adalina Cardona-Ramirez (Cardona) petitions for review of the Board of Immigration Appeals's (Board's) dismissal of her appeal from an immigration judge's (IJ's) denial of her applications for asylum and withholding of removal. We deny the petition for review.

Cardona and her two minor children entered the United States in February 2015. After removal proceedings were initiated against them, Cardona applied for asylum, withholding of removal, and protection from removal under the Convention Against Torture (CAT). Cardona's children were derivative applicants on her asylum application.[1]

Cardona's husband was badly beaten in 2011 after he delivered a summons to a gang leader's home. When he recovered, Cardona's husband fled to the United States. The gang leader confronted Cardona at the market sometime thereafter. He told Cardona that her husband deserved the beating, all the while keeping his hand on a machete that was tucked into his belt. She and her children later moved to Quetzaltenango, Guatemala, which is approximately three hours away from their former home.

Cardona's new home was broken into approximately six months after her husband had fled. Cardona and her daughter escaped unnoticed, and nothing was stolen. When Cardona and her children were living with family in October 2014, someone poisoned their dogs, which were used for protection. The perpetrator left a note threatening that "it was just the dogs now" and that "later it would be the rest of the family from oldest to youngest." Cardona believed that the incidents were related to the gang leader.

The IJ denied Cardona's applications for asylum and withholding of removal, but did not did not reach the merits of Cardona's application for CAT protection, having found that she withdrew the claim. The Board dismissed the appeal, finding

---

[1]The opinion refers to Cardona because she is the principal applicant. See 8 U.S.C. § 1158(b)(3)(A) (an accompanying child may be granted same status as noncitizen parent who is granted asylum). There are no derivative benefits for withholding of removal or CAT relief. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

that she had not established persecution or a well-founded fear of persecution. Cardona did not challenge the IJ's determination that she had withdrawn her claim for CAT protection, and the Board refused to consider the merits of the claim for the first time on appeal.

To qualify for asylum, Cardona was required to establish that she was unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). To qualify for withholding of removal, she bore "the even higher burden of demonstrating a clear probability that she will be persecuted." Fuentes-Erazo v. Sessions, 848 F.3d 847, 852 (8th Cir. 2017) (internal quotation marks omitted).

Cardona argues that she established past persecution and a well-founded fear of persecution and that she is therefore entitled to asylum or withholding of removal. We review the "question of past persecution or well-founded fear of future persecution, as well as the findings underlying that determination . . . under the substantial evidence standard." He v. Garland, 24 F.4th 1220, 1224 (8th Cir. 2022). Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We conclude that substantial evidence supports the finding that Cardona did not experience harm rising to the level of persecution. Cardona's testimony that she felt threatened during the confrontation with the gang leader does not compel the conclusion that she experienced a threat "so menacing as to cause significant actual suffering or harm." Padilla-Franco v. Garland, 999 F.3d 604, 608 (8th Cir. 2021) (quoting La v. Holder, 701 F.3d 566, 570 (8th Cir. 2012)). Nor does Cardona's belief that the gang leader caused the break-in, the dog poisonings, and the delivery of the threatening note compel the conclusion that he, in fact, caused those events or that

they were related to her husband's service of a summons. See Tegegn v. Holder, 702 F.3d 1142, 1144-45 (8th Cir. 2013) (rejecting noncitizen's argument that a hit-and-run incident constituted persecution when he could not identify the car, its driver, or the individual who later threatened him). "Just as those reasons are insufficient to show past persecution, they are insufficient to show a well-founded fear of future persecution." Cano v. Barr, 956 F.3d 1034, 1040 (8th Cir. 2020).

Cardona argues that her case must be remanded to the Board to consider the merits of her application for protection under the CAT, asserting that its refusal to consider the claim violated her due process rights. To establish a due process violation, an applicant "must demonstrate both a fundamental procedural error and prejudice as a result of the error." Fofana v. Holder, 704 F.3d 554, 557 (8th Cir. 2013) (quoting Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010)).

In the oral decision, the IJ specifically stated that Cardona had withdrawn her request for protection under the CAT: "At the beginning of today's hearing the respondent informed the Court that she was not . . . making a claim under the Torture Convention." Moreover, the transcript reveals no mention of torture or any argument related to protection under the CAT. Although the IJ checked a box on a post-hearing order that the CAT claim had been "denied," the order also states that it "is a summary of the oral decision" and that "the oral decision will become the official opinion" in the event of an appeal. We thus discern no fundamental procedural error in the Board's reliance on the IJ's determination in the oral decision that the claim had been withdrawn.

The petition for review is denied.

_____