# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3153
_____

Esdras Elias De La Cruz Gomez

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: July 2, 2025
Filed: July 11, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Esdras Elias De La Cruz Gomez petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA rejected De La Cruz Gomez's requests to remand or terminate the proceedings so that he could pursue cancellation of removal and because the agency lacked jurisdiction based on <u>Pereira v. Sessions</u>, 585 U.S. 198 (2018). The BIA also dismissed De La Cruz

Gomez's appeal from an immigration judge's (IJ's) decision denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The BIA concluded that De La Cruz Gomez's request to terminate proceedings was foreclosed by precedent, and denied remand to pursue cancellation of removal because De La Cruz Gomez had neither applied for, nor otherwise shown, that he was eligible for the relief. The BIA further concluded that De La Cruz Gomez's requests for asylum, withholding of removal, and CAT protection had been waived, because he did not meaningfully challenge dispositive reasons the IJ provided for denying the relief.

We conclude that De La Cruz Gomez's challenge to the agency's jurisdiction over his removal proceedings is foreclosed by this court's precedent. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019); Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam). As for asylum, withholding of removal, CAT protection, and cancellation of removal, we conclude that the claims are unexhausted and waived, and we find no basis for reversal. See Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (exhaustion requirement in 8 U.S.C. § 1252(d)(1) is non-jurisdictional claim-processing rule subject to waiver or forfeiture); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement when petitioner was represented by counsel and argument was not presented to the BIA); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not meaningfully argued in an opening brief is waived); see also Padilla-Franco v. Garland, 999 F.3d 604, 608 (8th Cir. 2021) ("An applicant for asylum cannot establish a well-founded fear of future persecution if she can relocate within her country of nationality and under all the circumstances it would be reasonable to expect the applicant to do so." (quotation omitted)).

Accordingly, the petition for review is denied. See 8th Cir. R. 47B.

_____