# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1654
_____

Deysi Maribel Rodriguez; A.A.H.R.; A.G.H.R.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 18, 2025
Filed: August 7, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Deysi Maribel Rodriguez petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her claim seeking asylum and withholding of removal. We deny her petition because the BIA's decision is supported by substantial evidence.

Rodriguez is a native and citizen of Guatemala, as are her two sons who are derivatives on her asylum application and petition for review. She originally entered the United States alone in March 2012 without inspection. In August 2016, she returned to Guatemala after learning that one of her sons, A.G.H.R., was bullied and threatened in school by five classmates back in Guatemala. While she was in Guatemala, Rodriguez "was threatened by a masked man whom she suspected was a gang member[] that if she reported anything, he would kill her son [A.G.H.R.] and the rest of her family." Rodriguez reported the bullying to a government human rights office in Guatemala, which "listened to her, transcribed her statement, and presented her with a document as proof that a claim was filed," but Rodriguez left the country to return to the United States — this time with her sons — before she could follow up on her report. Rodriguez did not report these incidents to the police in Guatemala.

Rodriguez and her two sons entered the United States in October 2016 and applied for admission. One day after their arrival, the Department of Homeland Security served her with a notice to appear charging her with removability. In February 2017, she filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Rodriguez claimed the bullying of A.G.H.R. and the threat she received constituted past persecution based on her claimed particular social group of A.G.H.R.'s immediate family and that she had a well-founded fear of future persecution if she returned to Guatemala. An immigration judge (IJ) denied her applications, and Rodriguez appealed the denial of asylum and withholding of removal to the BIA. The BIA affirmed the IJ's decision, concluding Rodriguez's "past harm did not rise to the level of past persecution," and Rodriguez failed to show Guatemalan authorities were unable or unwilling to protect her and her family from harm. Rodriguez now petitions for review of the BIA's decision denying her claim of asylum and withholding of removal.[1]

---

[1]Rodriguez did not challenge the denial of her application for CAT protection before the BIA or this court. For the first time in her petition for review, Rodriguez also argues that she is entitled to humanitarian asylum. She failed to exhaust

Rodriguez argues that the BIA erred by concluding she failed to demonstrate past persecution or a well-founded fear of future persecution.[2]  "We review the BIA's legal determinations de novo and employ the deferential 'substantial evidence' standard when reviewing the BIA's factual determinations."  *Galloso v. Barr*, 954 F.3d 1189, 1191 (8th Cir. 2020) (quoting *Eusebio v. Ashcroft*, 361 F.3d 1088, 1091 (8th Cir. 2004)).  Under the "substantial evidence" standard, we will affirm the BIA's fact findings "unless, after having reviewed the record as a whole, we determine that it would not be possible for a reasonable fact-finder to adopt the BIA's position."  *Id.* at 1191–92 (quoting *Eusebio*, 361 F.3d at 1091).  Whether a petitioner has established past persecution or a well-founded fear of future persecution is a fact question reviewed under the substantial evidence standard.  *He v. Garland*, 24 F.4th 1220, 1224 (8th Cir. 2022).

Substantial evidence supports the BIA's determination that Rodriguez failed to show past persecution.  "[P]ersecution is an extreme concept that involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic."  *Id.* (alteration in original) (quoting *Martin Martin v. Barr*, 916 F.3d 1141, 1144–45 (8th Cir. 2019)).  Neither "[l]ow-level intimidation and harassment" nor "brief detentions accompanied by beatings" qualify as persecution.  *Id.* at 1224–25 (quoting *Eusebio*, 361 F.3d at 1090).  Similarly, "[t]hreats alone constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm."  *Id.* at 1225 (quoting *Padilla-Franco v. Garland*, 999 F.3d 604, 608 (8th Cir. 2021)).  Here, the BIA adopted the IJ's finding that the bullying of A.G.H.R. and the threat

administrative remedies on this claim by not raising it in prior proceedings.  As a result, it is not properly before us.  *See Alvarez-Gomez v. Garland*, 56 F.4th 582, 589 (8th Cir. 2022).

[2]Rodriguez also argues the IJ erred by concluding her claimed particular social group was not cognizable and was not the source of any asserted persecution.  However, the BIA did not adopt these portions of the IJ's decision, so those issues are not properly before us.  *See Gutierrez-Vidal v. Holder*, 709 F.3d 728, 733 n.1 (8th Cir. 2013).

to Rodriguez did not qualify as persecution. A reasonable factfinder could agree with the BIA's determination in light of past decisions affirming findings of no persecution despite more serious beatings, detentions, and threats. *See id.* at 1222, 1225 (upholding no past persecution determination where the petitioner was beaten by police and twice detained for over two weeks); *Eusebio*, 361 F.3d at 1090–91 (affirming no past persecution where the petitioner was beaten by police and detained); *Njong v. Whitaker*, 911 F.3d 919, 923 (8th Cir. 2018) (similar and collecting cases).

Moreover, since these actions were taken by private parties, rather than the Guatemalan government, Rodriguez also needed to show that "the government was unable or unwilling to control" those individuals. *See Galloso*, 954 F.3d at 1192. Here, Rodriguez did not go to the police to report the bullying or threats. As for the officials who were made aware of her concerns, authorities in the human rights office listened to and transcribed Rodriguez's complaint, though Rodriguez left Guatemala before following up with them. Under these circumstances, a reasonable factfinder could determine that Rodriguez did not show the Guatemalan government was unable or unwilling to control the perpetrators' conduct. *See id.* at 1192–93 (concluding generalized country reports and a petitioner's statement that she did not contact the police "failed to show that the . . . government is unable or unwilling to protect her").

Likewise, Rodriguez fails to show reversible error as to the BIA's finding that she did not show a well-founded fear of future persecution. Since she failed to prove past persecution, Rodriguez "must demonstrate a well-founded fear of future persecution that is 'both subjectively genuine and objectively reasonable.'" *Id.* at 1192 (quoting *Bracic v. Holder*, 603 F.3d 1027, 1034 (8th Cir. 2010)). "Even where an alien shows a well-founded fear of persecution upon return to [her] place of origin, . . . the government can defeat a claim for asylum by showing that the alien reasonably can relocate within [her] home country to avoid persecution." *Saldana v. Lynch*, 820 F.3d 970, 976 (8th Cir. 2016). A reasonable factfinder could agree with the BIA's decision because Rodriguez could relocate to avoid the threats and

-4-

bullying, which were confined to her village, and she failed to show the Guatemalan government was unable or unwilling to control the conduct of the perpetrators.[3] *See id.* And since Rodriguez failed to show her eligibility for asylum, the BIA did not err by concluding she was ineligible for withholding of removal. *See Galloso*, 954 F.3d at 1193.

We therefore deny the petition for review.

_____

---

[3]Rodriguez claims the BIA erred by concluding that she waived any challenge to the IJ's ability-to-relocate determination. But Rodriguez raised this argument for the first time in her reply brief and failed to explain why she did not brief it in her opening brief. As a result, she waived any challenge to the BIA's waiver decision. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").