# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3730
_____

Inoel Gonzalez Cano

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 18, 2015
Filed: January 15, 2016

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Inoel Gonzalez Cano, a citizen of Mexico, entered the United States in December 2000. In 2009, Gonzalez Cano was charged with being removable from the United States for being present without having been admitted or paroled. Gonzalez Cano conceded that he was removable as charged, and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture. The Board of Immigration Appeals (BIA) ultimately affirmed the Immigration Judge's denial of

Gonzalez Cano's claims for relief. Gonzalez Cano now appeals the denial of his claim for withholding of removal.[1]

Gonzalez Cano's claim for withholding of removal was based on harm he suffered at the hands of a drug cartel in Mexico. When Gonzalez Cano was twelve years old, he was kidnapped by members of a cartel. The cartel took him to a labor camp, where he and other captives were held and forced to work growing marijuana and other drug plants. Gonzalez Cano was held captive for five years, until sometime in 2000 when a military group rescued him from the labor camp. Gonzalez Cano spent several months in Mexico City after he was freed, and eventually fled Mexico for the United States.

To establish entitlement to withholding of removal, an applicant must demonstrate a "clear probability" that their "life or freedom would be threatened . . . because of [their] race, religion, nationality, membership in a particular social group, or political opinion." Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004); 8 U.S.C. § 1231(b)(3)(A). In other words, the applicant must show that it is more likely than not that he will suffer persecution if returned to his home country. Ngure, 367 F.3d at 989. When an applicant claims withholding of removal based on membership in a particular social group, the applicant must prove first, that he is a member of a cognizable particular social group, and second, that the persecution he would suffer would be on account of his membership in that social group. See Garcia v. Holder, 746 F.3d 869, 872–73 (8th Cir. 2014). For a particular social group to be cognizable, the group must share a common, immutable characteristic, must be defined with particularity, and must be socially distinct such that it is identified as a group by the society of which it is a part. Id.

---

[1]Gonzalez Cano does not appeal the denial of his application for asylum or relief pursuant to the Convention Against Torture.

Over the course of pursuing his case, Gonzalez Cano proposed several different particular social groups as the basis for his claims. On appeal, however, he relies only on the group defined as "escapee Mexican child laborers." The BIA concluded that this group was not socially distinct, and that Gonzalez Cano did not establish that the persecution he suffered was on account of his membership in that group. We review the agency's factual determinations under a deferential substantial-evidence standard, and review questions of law de novo but with deference to the BIA's reasonable interpretation where appropriate. Osonowo v. Mukasey, 521 F.3d 922, 927 (8th Cir. 2008); Gathungu v. Holder, 725 F.3d 900, 907 (8th Cir. 2013).

Whether a given particular social group is perceived as distinct by the society of which it is part depends on evidence that the society "makes meaningful distinctions" based on the common immutable characteristics defining the group. Matter of A.R.C.G., 26 I&N Dec. 388, 394 (BIA 2014); see Gathungu, 725 F.3d at 908. Here, Gonzalez Cano relies on evidence that other people have suffered the same type of harm he did to establish social distinction. However, this evidence alone is insufficient to support a conclusion that Mexican child laborers who have escaped their captors are "perceived as a cohesive group by society." Gaitan v. Holder, 671 F.3d 678, 681 (8th Cir. 2012). Such a conclusion would require, for example, evidence that Mexican society "recognizes the need to offer protection" to persons who have suffered this type of persecution, evidence that this group is commonly understood to suffer persecution with relative impunity, or evidence that members of the group are readily identifiable when their defining characteristics are known. See Matter of A.R.C.G., 26 I&N at 394–95. Because such evidence does not appear in the record before us, we cannot conclude that the BIA's decision was erroneous.

Similarly, we cannot conclude that the BIA erred in finding that Gonzalez Cano failed to establish a causal nexus between the persecution he suffered and his membership in the proposed particular social group. Among other causation problems, the most severe harm Gonzalez Cano suffered—abduction and forced

labor—are the characteristics that define his proposed particular social group. As such, his membership in that group could not have been the motive, at least initially, for the persecution. In sum, Gonzalez Cano has not identified evidence based on which a reasonable adjudicator would have had to find that he was persecuted because of his membership in a particular social group.

Because Gonzalez Cano did not demonstrate that he would more likely than not be persecuted on account of his membership in a particular social group, we need not reach the question of whether the Mexican government is unable or unwilling to control his persecutors. Similarly, we need not consider the question of internal relocation or of changed circumstances. We conclude that the BIA did not err in denying Gonzalez Cano's application for withholding of removal, and accordingly we deny his petition for review.

_____