# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1858

———————————————

Berta Alicia Lopez-Morales

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: January 25, 2017
Filed: January 30, 2017
[Unpublished]

——————————

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Berta Alicia Lopez-Morales, a native and citizen of Guatemala, conceded removability but petitioned for asylum under 8 U.S.C. § 1158(a)(1), withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and relief under the Convention Against Torture (CAT) under 8 C.F.R. § 1208.16(c), claiming that she had suffered past persecution and had a well-founded fear of future persecution because she witnessed

a gang leader run over two people with a car and reported what she had witnessed to the police. An immigration judge denied her petition on all three grounds, and the Board of Immigration Appeals dismissed her appeal. Lopez-Morales now petitions for review.

We review for substantial evidence in the record as a whole. Garcia v. Holder, 746 F.3d 869, 872 (8th Cir. 2014). Lopez-Morales alleged that she faced or may face persecution because of her membership in a particular social group comprised of witnesses to gang violence who have been targeted because of perceived cooperation with the police. She failed, however, to present evidence showing her proposed group is socially distinct or identifiable within Guatemalan society. See Gonzalez Cano v. Lynch, 809 F.3d 1056, 1058 (8th Cir. 2016) ("For a particular social group to be cognizable, the group must share a common, immutable characteristic, must be defined with particularity, and must be socially distinct such that it is identified as a group by the society of which it is a part."); see also Ngugi v. Lynch, 826 F.3d 1132, 1138 (8th Cir. 2016) (rejecting a claim that witnesses who testify against gang members in public proceedings qualify as a protected group absent evidence that the group is socially recognized in some way).

Because Lopez-Morales failed to demonstrate eligibility for asylum, her petition for withholding of removal necessarily fails. See Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008). Her petition for CAT relief likewise fails because her claim that she may be tortured upon her removal to Guatemala relies upon the same factual basis as her claims for asylum and withholding of removal. See Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008).

We deny the petition for review.

_____

-2-