# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2014

_____

Lester Sanchez-Pau

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 22, 2017
Filed: February 28, 2017
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nicaraguan citizen Lester Sanchez-Pau petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) order

denying withholding of removal.[1] This court reviews the BIA's decision as the final agency action, and to the extent the BIA adopted the IJ's findings or reasoning, as it did here, this court also reviews the IJ's decision, and gives much weight to the IJ's credibility findings. See Diaz-Perez v. Holder, 750 F.3d 961, 963-64 (8th Cir. 2014) (IJ has seen witness testify and thus is in best position to determine credibility). We conclude that substantial evidence supports the adverse credibility determination. See Ali v. Holder, 686 F.3d 534, 537-38 (8th Cir. 2012) (factual findings, including IJ's credibility findings, are reviewed for substantial evidence, and are conclusive unless any reasonable adjudicator would be compelled to reach contrary conclusion). Further, we find inadequate Sanchez-Pau's explanations for omitting in the narrative of his application--which he amended at the merits hearing just before testifying--certain facts about which he then testified and which served as a basis for his claim of entitlement to withholding of removal. Cf. Litvinov v. Holder, 605 F.3d 548, 555-56 (8th Cir. 2010) (petitioners provided unpersuasive justifications accounting for discrepancies between asylum application and testimony). Sanchez-Pau thus did not meet his burden of showing he was entitled to withholding of removal. See Gonzalez Cano v. Lynch, 809 F.3d 1056, 1058 (8th Cir. 2016) (to establish entitlement to withholding of removal, petitioner must demonstrate clear probability that life or freedom would be threatened because of, among other things, political opinion or membership in particular social group; and must show it is more likely than not he will suffer persecution if returned to home country). The petition for review is denied.

_____

[1]Sanchez-Pau offers no argument as to why it was improper to deny him relief under the Convention Against Torture. See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012).