# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3437

———————————————

Tito Michael Uzodinma

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: November 14, 2019
Filed: March 5, 2020

———————

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

An immigration judge ruled that Tito M. Uzodinma, a Nigerian citizen, merited asylum because he had a well-founded fear of future persecution for his political opinions. The Board of Immigration Appeals reversed, denying asylum. Uzodinma appeals. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

I.

The Department of Homeland Security began removal proceedings against Uzodinma for a student visa violation. He applied for asylum, which the immigration judge initially granted. On appeal, the Board of Immigration Appeals remanded for further explanation and factual support, criticizing the "complete lack of any supporting documentation specific to the respondent."

On remand, the IJ again granted asylum, finding Uzodinma had a well-founded fear of future persecution for his political opinions. He supported the Biafran state, which advocates independence from Nigeria. He also supported the LGBTQ community (although not a member of it). The IJ relied on Uzodinma's testimony and an affidavit from his mother, finding both credible. The IJ found that Uzodinma had voiced his political opinions on social media.

The Department of Homeland Security again appealed. The BIA denied asylum, ordering Uzodinma removed to Nigeria. The BIA adopted the IJ's credibility findings. The BIA held, however, that Uzodinma did not meet his burden of establishing a well-founded fear of future persecution, because he had not corroborated his claim that he would be harmed in Nigeria. The BIA ruled there was no objective evidence he stated his political opinions to others, and it was reasonable to expect him to provide corroborating evidence. According to the BIA, Uzodinma did not demonstrate he faces a particularized threat of persecution in light of the fairly large population of Biafran supporters and members of his Igbo tribe in Nigeria.

This court reviews a BIA decision as a final agency action, reviewing the IJ's findings or reasoning only to the extent the BIA adopts them. ***Degbe v. Sessions***, 899 F.3d 651, 655 (8th Cir. 2018). Legal determinations are reviewed de novo, but the BIA's interpretation of a federal statute receives substantial deference unless inconsistent with the statute's plain language or an unreasonable interpretation of an

-2-

ambiguous statute. *Mansour v. Holder*, 739 F.3d 412, 414 (8th Cir. 2014), *citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-45 (1984). This court reviews the BIA's denial of asylum under the deferential substantial evidence standard. *Degbe*, 899 F.3d at 655. This court does not reweigh the evidence and "will uphold the denial of relief unless the alien demonstrates that the evidence [i]s so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008).

## II.

To obtain asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group. *Castillo-Gutierrez v. Lynch*, 809 F.3d 449, 452 (8th Cir. 2016); **8 U.S.C. § 1158(b)(1)(B)(i)**. On appeal, Uzodinma claims a fear of future persecution. An applicant must show that this fear is both subjectively genuine and objectively reasonable. *Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017). The parties here dispute only the objective reasonableness of Uzodinma's fear—a legal question reviewed de novo by the BIA and this court. *Lemus-Arita v. Sessions*, 854 F.3d 476, 480-81 (8th Cir. 2017). To be objectively reasonable, an applicant's fear must have a basis in reality and be neither irrational nor so speculative or general as to lack credibility. *Baltti*, 878 F.3d at 245.

Uzodinma argues that he has shown a threat particularized to him as an individual, based on his political opinions.[1] *See Agha v. Holder*, 743 F.3d 609, 617

---

[1] An applicant need not show particularized harm if the applicant demonstrates a pattern or practice of persecuting similarly situated persons. **8 C.F.R. § 1208.13(b)(2)(iii)**; *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997). Because Uzodinma did not argue a pattern or practice of persecution in his briefs to this court, he has waived that claim. *See Hasalla v. Ashcroft*, 367 F.3d 799, 805 (8th Cir. 2004).

(8th Cir. 2014) (holding that harm suffered must be particularized to the individual applicant rather than suffered by the entire population). Although Uzodinma received threatening text messages, they did not pertain to his political opinions. *See Cubillos v. Holder*, 565 F.3d 1054, 1058 (8th Cir. 2009) (holding applicant did not establish persecution because he could not show nexus between his political party membership and threatening letters and phone calls he received). Uzodinma's parents hold high government positions in Nigeria, undermining the potential of harm. *See Mejia-Ramos v. Barr*, 934 F.3d 789, 793-94 (8th Cir. 2019) (noting that fear of future persecution was undermined by the applicant's family residing unharmed in the country). Although the BIA explicitly addressed a particularized threat only for Uzodinma's pro-Biafran opinion, the BIA implicitly included his pro-LGBTQ opinions by discussing the lack of evidence of potential harm they would cause him. The BIA need not separately analyze a claim where the court can infer its implicit reasons for denying the claim. *See Pulisir v. Mukasey*, 524 F.3d 302, 308 (1st Cir. 2008); *Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004).

Uzodinma argues that the BIA exceeded its authority by ruling he did not meet his burden of proof with corroborating evidence for his claimed fear of future harm in Nigeria. An applicant has the burden to show eligibility for asylum, which may require corroborating evidence. **8 U.S.C. § 1158(b)(1)(B)**; *Matter of L-A-C-*, 26 I. & N. Dec. 516, 519 (BIA 2015). An applicant's uncorroborated testimony may be sufficient if it satisfies the trier of fact that the testimony is credible, persuasive, and fact-specific enough to show that the applicant is a refugee. **8 U.S.C. § 1158(b)(1)(B)(ii)**. When the trier of fact determines that the applicant should corroborate otherwise credible testimony, the applicant must provide corroborating evidence unless the applicant does not have it and cannot reasonably obtain it. *Id.*; **8 C.F.R. § 1003.1(d)(3)** (designating the IJ as the trier of fact).

No regulation or statute prohibits the BIA from ruling based on the absence of corroborating evidence. *See* **8 U.S.C. § 1158(b)**; **8 C.F.R. § 1003.1(d)(3)**. The IJ

here implicitly ruled that corroborating evidence was unnecessary. This ruling receives no deference. *Cf.* **8 U.S.C. §§ 1158(b), 1252(b)(4)**. The applicant has the burden to corroborate an asylum claim, even if the uncorroborated testimony is deemed credible. *See **Matter of L-A-C-***, 26 I. & N. Dec. at 519; **8 U.S.C. § 1158(b)(1)(B)**. The BIA did not exceed its authority by requiring corroborating evidence for Uzodinma to meet his burden of proof.

Uzodinma argues that the BIA violated the standard of review by substituting its findings for the IJ's. Whether the BIA applied the proper standard of review is a question of law this court reviews de novo. ***Etenyi v. Lynch***, 799 F.3d 1003, 1007 (8th Cir. 2015).

At issue are the IJ's findings that the Nigerian government is aware, or could become aware, of Uzodinma's political opinions from his past social media communications. The BIA may review these factual findings, including predictive findings of future events, only for clear error. *See* **8 C.F.R. § 1003.1(d)(3)(i)**; ***Matter of Z-Z-O-***, 26 I. & N. Dec. 586, 590 (BIA 2015). To conclude there was clear error, the BIA must expressly conclude that the IJ's factual findings were clear error and squarely address the supporting evidence. ***Waldron v. Holder***, 688 F.3d 354, 360 (8th Cir. 2012); ***Ramirez-Peyro v. Gonzales***, 477 F.3d 637, 641 (8th Cir. 2007).

Here, the BIA did address some of the evidence that the IJ relied on—Uzodinma's testimony—by observing that a printout of his Facebook page did not support his assertions. *See **Waldron***, 688 F.3d at 360. But the BIA did not squarely address Uzodinma's mother's affidavit, which the BIA agreed was credible. *See id.* Most importantly, the BIA did not expressly find clear error in the IJ's finding that Uzodinma had stated his political opinions to others. *See id.* The BIA thus improperly substituted its own finding that there was no objective evidence that Uzodinma had stated his political opinion to others.

Although the BIA violated the standard of review, this error is harmless because Uzodinma did not show he faced a particularized threat of persecution. *See Puc-Ruiz v. Holder*, 629 F.3d 771, 780 (8th Cir. 2010) (holding that harmless error applies when an applicant cannot show prejudice). Despite the harmless error of substituting its own findings about communicating his political opinions, the BIA's ruling that Uzodinma is ineligible for asylum is supported by substantial evidence.

III.

Uzodinma contends that the BIA violated his due process rights by failing to notify him of the need for corroborating evidence and denying him an opportunity to provide it. Aliens have a procedural due process interest in deportation proceedings. *Ramirez v. Sessions*, 902 F.3d 764, 771 (8th Cir. 2018), *citing Reno v. Flores*, 507 U.S. 292, 306 (1993). To establish a due process violation, an alien must show (1) fundamental procedural error and (2) resulting prejudice, meaning that the outcome of the proceedings, without the procedural irregularities, may well have been different. *Camishi v. Holder*, 616 F.3d 883, 886 (8th Cir. 2010). Procedural due process challenges receive de novo review. *Ramirez*, 902 F.3d at 770.

When an asylum applicant must provide corroborating evidence, the IJ must afford an opportunity to explain its unavailability, ensuring the explanation is in the record. *Matter of L-A-C-*, 26 I. & N. Dec. at 521-22. This requirement facilitates review by the BIA and court of appeals. *See* **8 C.F.R. § 1003.1(d)(3)**; **8 U.S.C. § 1252(b)(4)**. At a merits hearing, the IJ need not identify the specific corroborating evidence that would be persuasive. *Matter of L-A-C-*, 26 I. & N. Dec. at 520. Nor must the IJ grant an automatic continuance for the applicant to present corroborating evidence later. *Id. Cf. Singh v. Lynch*, 803 F.3d 988, 992 (8th Cir. 2015) (holding that a petitioner "received sufficient notice and a fair opportunity to obtain and present evidence to corroborate his claims" where the IJ denied his claim without a continuance to obtain more evidence). The asylum application form and related

statutes provide sufficient notice that corroborative evidence may be required and the consequences for failing to provide it. *Matter of L-A-C-*, 26 I. & N. Dec. at 519-20.

Uzodinma was on notice he needed to corroborate his claim of a particularized threat of persecution. Before his final merits hearing, the IJ told him at a master calendar hearing that the BIA had remanded the case for lack of supporting documentation "specific to the respondent." *See id.* at 521 (noting that master calendar hearings, prior to merits hearings, provide an opportunity to ask questions and request a continuance to obtain evidence). Uzodinma responded he understood he must provide corroborating evidence, mentioning the case later codified into the statutory requirement, *In Re S-M-J-*, 21 I. & N. Dec. 722 (BIA 1997). *See Matter of L-A-C-*, 26 I. & N. Dec. at 519; **8 U.S.C. § 1158(b)(1)(B)(ii)**.

Although the IJ did not require corroborating evidence, Uzodinma had an opportunity to explain its unavailability—and did—at his second merits hearing. *See Matter of L-A-C-*, 26 I. & N. Dec. at 519. Questioned about the absence of corroboration for his support of the Biafran state and LGBTQ rights, Uzodinma explained why he thought his evidence was sufficient and that in detention, he could not access his social media accounts to provide further evidence.

Uzodinma asserts that this court should follow its cases predating the REAL ID Act's 2005 amendments to the Immigration and Naturalization Act, such as *El-Sheikh v. Ashcroft*, 388 F.3d 643, 647 (8th Cir. 2004). However, this court has applied pre-REAL ID Act standards only where the applicant petitioned for asylum before that Act took effect on May 11, 2005. *See **Khrystotodorov v. Mukasey***, 551 F.3d 775, 784 n.2 (8th Cir. 2008) (stating that the REAL ID Act did not apply); ***Damkam v. Holder***, 592 F.3d 846, 851 n.2 (8th Cir. 2010) (same); ***Omondi v. Holder***, 674 F.3d 793, 797 (8th Cir. 2012) (same). Uzodinma applied for asylum on May 30, 2017, long after the effective date of the REAL ID Act.

Replacing previous standards, the REAL ID Act placed the burden on the petitioner to corroborate otherwise credible testimony. *See* **8 U.S.C. § 1158(b)(1)(B)(ii)**; *Matter of L-A-C-*, 26 I. & N. Dec. at 519. The BIA here satisfied the REAL ID Act's standard. *Cf.* *Matter of L-A-C-*, 26 I. & N. Dec. at 519 n.1 (recognizing abrogation of pre-REAL ID Act Ninth Circuit case law); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) (deferring to BIA interpretation of REAL ID Act).

Even if the BIA committed a fundamental procedural error, reversal would require Uzodinma to show prejudice. *See* *Camishi*, 616 F.3d at 886. He does not show that additional notice and opportunity would have enabled him to obtain corroborating evidence. In fact, he said that "there is no possible way I can access this evidence" because he was detained. Because Uzodinma cannot show that the outcome of proceedings would have differed with notice and opportunity, he cannot demonstrate prejudice from any error.

\* \* \* \* \* \* \*

The petition for review is denied.

_____