# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2218
_____

Jose Jorge Lopez-Flores

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 12, 2021
Filed: August 27, 2021
[Unpublished]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

An Immigration Judge ("IJ") denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") to Jose Jorge Lopez-Flores. The Board of Immigration Appeals ("Board") adopted and affirmed the IJ's

decision. Lopez-Flores challenges the Board's order denying asylum and withholding of removal.[1] We deny his petition for review.

We review the Board's order as the final agency action, and we consider the IJ's findings and reasoning because the Board expressly adopted them. *See Degbe v. Sessions*, 899 F.3d 651, 655 (8th Cir. 2018). "We will uphold the denial of asylum and withholding of removal if the decision is supported by substantial evidence in the record." *Prieto-Pineda v. Barr*, 960 F.3d 516, 519 (8th Cir. 2020). Under this standard, we "will uphold the denial of relief unless the alien demonstrates that the evidence [i]s so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Uzodinma v. Barr*, 951 F.3d 960, 964 (8th Cir. 2020) (alteration in original) (quoting *Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008)).

To establish eligibility for asylum, an applicant must show he is a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is "an alien who is unwilling or unable to return to his or her country of nationality 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Ixtlilco-Morales v. Keisler*, 507 F.3d 651, 654 (8th Cir. 2007) (quoting 8 U.S.C. § 1101(a)(42)(A)). "We have explained that in order to meet the requirements for persecution, the harm must be 'inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control.'" *Prieto-Pineda*, 960 F.3d at 520 (quoting *Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005)).

Lopez-Flores, a native and citizen of El Salvador, illegally entered the United States in 2013. He was charged with being removable, conceded the charge, and applied for asylum, withholding of removal, and relief under CAT. Lopez-Flores said he left El Salvador after he refused gang members' single attempt to recruit him

---

[1]Lopez-Flores does not challenge the BIA's conclusion that he waived his CAT-protection claim.

to join their gang. He claimed those gang members threatened to harm him and his family if he did not join. Further, Lopez-Flores's sisters stated that gang members sexually assaulted and harassed them after Lopez-Flores left El Salvador.

The BIA affirmed the IJ's findings that Lopez-Flores (1) did not suffer harm amounting to persecution; (2) did not demonstrate the government was unwilling or unable to control the gang; (3) did not show the harm he suffered or feared was on account of a protected ground; and (4) otherwise failed to demonstrate he had an objective well-founded fear of future persecution.

The record does not compel us to conclude that the Board erred in finding that Lopez-Flores "failed to establish a causal nexus between the persecution he suffered [or feared he would suffer] and his membership in [his] proposed particular social group." *Gonzalez Cano v. Lynch*, 809 F.3d 1056, 1059 (8th Cir. 2016). The evidence here did not establish that the gang attempted to recruit Lopez-Flores or targeted his sisters because they were part of the Lopez-Flores family. Indeed, Lopez-Flores testified that the gangs target everyone in El Salvador whether they are related to him or not.

Although "the lack of a nexus [itself] is a basis to deny an asylum application," *Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017), we also hold that the record does not compel us to conclude the Salvadoran government is unable or unwilling to control the country's gangs. Lopez-Flores never reported the gang-related incident to the police. Nor did he turn to them for protection. And the country-conditions evidence demonstrates that the Salvadoran government has attempted to curtail gang violence, including forming an anti-extortion task force.

Because the withholding-of-removal standard is higher than the asylum standard, *see Cubillos v. Holder*, 565 F.3d 1054, 1058 (8th Cir. 2009), we also affirm the IJ's conclusion, adopted and affirmed by the Board, that Lopez-Flores is not eligible for withholding of removal.

For these reasons, we deny the petition for review.

_____