# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1624
_____

Heidi Rivera Menjivar

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 19, 2021
Filed: March 3, 2022
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Heidi Rivera Menjivar, a citizen of El Salvador, entered the United States and applied for asylum, withholding of removal, and protection under the Convention Against Torture. An Immigration Judge denied her requests, and the Board of Immigration Appeals affirmed. We deny her petition for review.

I.

Rivera Menjivar grew up in El Salvador. When she was 10 years old, her family started attending an evangelical church. Rivera Menjivar was increasingly involved with the church and eventually became a youth leader. She and other youth group members, including her sister, preached to young people in the community. One of their missions was to help people leave gangs. Because of these activities, the pastor of the church received a letter from someone warning him to protect the youth group.

Rivera Menjivar left El Salvador, fearing reprisals from the gang for her work as a church youth leader. When she was 17 years old, she came to the United States and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Rivera Menjivar compiled documentary evidence for her hearing, including affidavits from her sister and pastor, and reports about the conditions in El Salvador. The IJ received this evidence late and took about 45 minutes to review it. After considering this evidence and hearing Rivera Menjivar's testimony, the IJ denied her application for asylum, finding that she failed to establish a well-founded fear of future persecution. Because the burden of proof for withholding of removal is higher than that required for asylum, the IJ summarily denied this relief as well. Finally, the IJ denied Rivera Menjivar's request for CAT protection, holding that she failed to show that she was ever personally harmed or threatened.

Rivera Menjivar appealed the IJ's decision, claiming that she was denied due process because the IJ failed to fully consider her evidence. She also appealed the denial of her applications, arguing that she successfully established a fear of future persecution based on her religious activities and gender, and that she proved that the government acquiesces to gang activity. The BIA affirmed the IJ's decision in total and held that there was no due process violation. Rivera Menjivar seeks judicial review of that decision, arguing that the BIA erred by: (1) denying asylum and

withholding of removal; (2) denying CAT protection; and (3) finding no due process violation.

## II.

In reviewing immigration decisions, "we ordinarily review only the BIA's decision." *Etenyi v. Lynch*, 799 F.3d 1003, 1006 (8th Cir. 2015) (citation omitted). But "we also review the IJ's decision as part of the final agency action if the BIA adopted the findings or the reasoning of the IJ." *Id.* (citation omitted). "We review the agency determination that an alien is not eligible for asylum, withholding of removal, or relief under the Convention Against Torture using the deferential substantial evidence standard." *Degbe v. Sessions*, 899 F.3d 651, 655 (8th Cir. 2018) (citation omitted). Under this standard, we will uphold the denial of relief unless "the evidence is so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Uzodinma v. Barr*, 951 F.3d 960, 964 (8th Cir. 2020), *cert. denied sub nom. Uzodinma v. Garland*, 141 S. Ct. 2511 (2021) (citation omitted) (cleaned up).

## A.

Rivera Menjivar argues that the BIA erred in denying her application for asylum. To qualify for asylum, an applicant must show either past persecution or a well-founded fear of future persecution because of race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1101(a)(42). Rivera Menjivar admits she hasn't faced any past persecution, but argues that she has a well-founded fear of future persecution. A well-founded fear of future persecution must be "both subjectively genuine and objectively reasonable." *Galloso v. Barr*, 954 F.3d 1189, 1192 (8th Cir. 2020) (citation omitted). "To be objectively reasonable, an applicant's fear must have a basis in reality and be neither irrational nor so speculative or general as to lack credibility." *Uzodinma*, 951 F.3d at 964.

The BIA found that because Rivera Menjivar could not show a particularized fear, she failed to prove that her fear of future persecution was objectively reasonable. Instead, she only presented evidence of general violence. Rivera Menjivar argues that the affidavits from her sister and her pastor support her particularized fear based on her religious activities.

The affidavits Rivera Menjivar relies on are too general to establish a credible fear. The affidavit from her sister states that "[s]ometimes people in our youth group will have problems with gang members—either people who used to be involved in the gangs or who were friends with gang members . . . they often face aggressive threats or even violence at the hands of those who they have turned away from." It also says that Rivera Menjivar's friend left a gang, and that he eventually had to live in a shelter because the gang was angry with *him*. It does not discuss any violence or threats directed at Rivera Menjivar. The affidavit from her pastor is similarly insufficient—it just states that there have been threats and acts of violence against the youth group. While these statements show some evidence of a fear of future persecution, they are not "so compelling that no reasonable fact finder could fail to find" a fear of future persecution. *Uzodinma*, 951 F.3d at 964 (citation omitted).

Rivera Menjivar also argues that the IJ erred by focusing on the fact that her family members remain safely in El Salvador. She claims that her family members are not similarly situated in their religious activities. But her sister is a member of the same youth group and has never been harmed or threatened because of her religious activities. And, as the BIA pointed out, her family's safety in El Salvador is relevant to whether her fear of future harm is objectively reasonable. *See Gomez-Garcia v. Sessions*, 861 F.3d 730, 735 (8th Cir. 2017).

Because substantial evidence supports the BIA's denial of asylum, we deny Rivera Menjivar's petition for review. And because withholding of removal has a higher burden of proof than asylum, we also uphold the denial of withholding of removal. *See Osonowo v. Mukasey*, 521 F.3d 922, 926 (8th Cir. 2008) ("Eligibility for withholding of removal requires proof of a clear probability that the alien's life

-4-

or freedom would be threatened . . . which is a more demanding standard than the well-founded fear of persecution standard for asylum.").

## B.

Rivera Menjivar also claims that the BIA erred in denying her application for CAT protection. To qualify, she must show that it's more likely than not that she will be tortured if removed. 8 C.F.R. § 1208.16(c)(2). The torture must either be inflicted by a public official or inflicted with the consent or acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1). "A government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it, but it does cross the line into acquiescence when it shows willful blindness toward the torture of citizens by third parties." *Moallin v. Barr*, 980 F.3d 1207, 1210 (8th Cir. 2020) (citation omitted).

The BIA held that Rivera Menjivar could not establish a likelihood of being tortured or government acquiescence. We agree. Rivera Menjivar's inability to show a credible fear of future harm for purposes of asylum and withholding of removal undermines her claim for CAT protection, because "a likelihood of torture requires more than a well-founded fear of persecution." *Khrystotodorov v. Mukasey*, 551 F.3d 775, 782 (8th Cir. 2008). Plus, she failed to show that the Salvadoran government is willfully blind to the torture of its citizens. The fact that a government "struggles to control gang activity is insufficient to compel a finding of willful blindness toward the torture of citizens by third parties, or a finding of government acquiescence in their criminal activities." *Cambara-Cambara v. Lynch*, 837 F.3d 822, 827 (8th Cir. 2016) (citation omitted). Because substantial evidence supports the BIA's denial of CAT protection, we deny Rivera Menjivar's petition for review.

## C.

Finally, Rivera Menjivar argues that the IJ violated her due process rights by failing to fully consider her evidence. To succeed on this claim, she must show: (1)

a fundamental procedural error; and (2) prejudice, such that the outcome of the proceeding may well have been different without the error. *Cardoza Salazar v. Barr*, 932 F.3d 704, 709 (8th Cir. 2019). Because this is a purely legal issue, we review it *de novo*. *Molina v. Whitaker*, 910 F.3d 1056, 1060 (8th Cir. 2018).

Rivera Menjivar argues that the IJ failed to properly consider her documentary evidence because he only spent 45 minutes reading it. As a result, she claims that the IJ overlooked evidence corroborating her fear of future harm. We disagree. Although the IJ received the evidence late, he still reviewed and considered it. In fact, his decision discusses the very evidence Rivera Menjivar claims was overlooked.

Even if there was a fundamental procedural error, Rivera Menjivar has failed to show prejudice. She claims that the IJ failed to properly consider the affidavits from her sister and her pastor. But, as discussed above, the affidavits don't support a particularized fear of future harm to her—they only mention general threats against church members. The outcome of the proceeding would have been the same, regardless of how much time the IJ spent reviewing or discussing the affidavits.

Because Rivera Menjivar failed to prove a fundamental procedural error and resulting prejudice, we affirm the BIA's finding that her due process rights were not violated.

III.

The petition for review is denied.

_____