# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3403
_____

Sonia Esperanza Calderon Lopez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 17, 2023
Filed: April 24, 2023
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Sonia Esperanza Calderon Lopez, a citizen of Guatemala, applied for asylum and withholding of removal. An immigration judge denied her application, and the Board of Immigration Appeals affirmed.[1] Calderon Lopez petitions for review.

Having reviewed the record and the parties' arguments, we conclude that Calderon Lopez has waived review of her asylum and withholding-of-removal claims because she has failed to meaningfully challenge the agency's reasons for denying them. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not meaningfully argued in an opening brief is waived); *see also*, *e.g.*, *Coreas-Chavez v. Garland*, 52 F.4th 413, 416 (8th Cir. 2022); *Hassan v. Rosen*, 985 F.3d 587, 590 n.1 (8th Cir. 2021). Even if Calderon Lopez had not waived review, the agency did not err in denying those claims. Among other reasons, her asylum claim failed because she did not establish a cognizable proposed particular group, *see Mayorga-Rosa v. Sessions*, 888 F.3d 379, 383, 384-85 (8th Cir. 2018), or a nexus to any imputed anti-gang political opinion, *see Aguilar v. Garland*, 60 F.4th 401, 405-06 (8th Cir. 2023). These determinations, alone, were dispositive of her asylum claim. *See Miranda v. Sessions*, 892 F.3d 940, 944 (8th Cir. 2018); *Gonzalez Cano v. Lynch*, 809 F.3d 1056, 1059 (8th Cir. 2016). And because her asylum claim failed, she necessarily failed to meet the higher burden of proof for withholding of removal. *See Agha*, 743 F.3d at 615.

Accordingly, the petition for review is denied. *See* 8th Cir. R 47B.

_____

_____

[1]The immigration judge also pretermitted Calderon Lopez's application for cancellation of removal, denied protection under the Convention Against Torture, and denied voluntary departure, but we do not consider those claims because they are unexhausted or waived. *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) (discussing exhaustion); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (discussing waiver).