# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3651

———————————————

Cesar Augusto Pacheco-Mota

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: September 22, 2023
Filed: October 18, 2023

——————————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

Cesar Pacheco-Mota petitions for review after the Board of Immigration Appeals ("BIA") dismissed his appeal. We deny his petition.

## I.

Pacheco-Mota is a twenty-three-year-old Guatemalan citizen who fears returning to his home country. Growing up in Guatemala, Pacheco-Mota and his

cousin tended to his grandparents' herd of cows. On several occasions, gang members stole his grandparents' cows and left behind threatening signs. Once, he and his cousin witnessed gang members stealing some of the cows. Pacheco-Mota and his cousin tried to run away, but the gang members caught, attacked, and threatened to kill them. Gang members also stole cows from other farms in the neighborhood, kidnapped one of Pacheco-Mota's friends and held him for ransom, extorted money from people in the nearby town, and tortured and killed those who would not allow themselves to be extorted. Pacheco-Mota believed that, due to the large and interconnected network of gang members in the country, nowhere in Guatemala was safe for him. So, at age seventeen, Pacheco-Mota left Guatemala and came to the United States.

Shortly after Pacheco-Mota entered the United States, the Attorney General initiated removal proceedings against him. Pacheco-Mota conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. He claimed that he was persecuted on account of his membership in the social group "Guatemalan children who are witnesses of gang crime." The Immigration Judge ("IJ") denied each of his applications.

Pacheco-Mota then appealed the denial of asylum and withholding of removal to the BIA, which dismissed the appeal. The BIA rejected Pacheco-Mota's applications for asylum and withholding of removal because Pacheco-Mota failed to identify a cognizable particular social group. Specifically, the BIA concluded that his proposed group lacked particularity because the term "children" is "vague and amorphous" and the broader group of "witnesses to gang crime" lacked social distinction. Pacheco-Mota appeals.

## II.

We review the denial of an application for asylum or withholding of removal for substantial evidence, *Rivera Menjivar v. Garland*, 27 F.4th 638, 641 (8th Cir. 2022), and we review questions of law *de novo*, *Ngugi v. Lynch*, 826 F.3d 1132, 1136 (8th Cir. 2016). "Under the substantial evidence standard, the agency's findings of fact must be upheld unless the alien demonstrates that the evidence he

-2-

presented not only supports a contrary conclusion but *compels* it." *Id.* "Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117 (8th Cir. 2020).

Pacheco-Mota advances a single argument on appeal: that the BIA erred in concluding that he failed to show membership in a cognizable particular social group. To be eligible for asylum, Pacheco-Mota must show that he is a refugee, *see* 8 U.S.C. § 1158(b)(1), meaning that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *see id.* § 1101(a)(42)(A). And to "qualify for withholding of removal, an applicant has the burden of showing a clear probability that his life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." *Malonga v. Mukasey*, 546 F.3d 546, 551 (8th Cir. 2008) (citation and internal quotation marks omitted); *see also* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b).

"Whether a group is a 'particular social group' presents a question of law, which we review de novo." *Ngugi*, 826 F.3d at 1137-38. To demonstrate membership in a cognizable particular social group, the applicant "must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 1138.

We agree with the BIA that Pacheco-Mota has not proven membership in a cognizable particular social group. Pacheco-Mota argues that his particular social group is "Guatemalan children who are witnesses to gang crime." The BIA rejected this proposed social group for lack of particularity because the term "children" is "vague and amorphous." Indeed, "children" could mean minor children of Guatemalan nationals, or it could mean individuals of any age who were born of Guatemalan parents. If Pacheco-Mota intended the former definition, he does not fall within its scope—he was eighteen at the time of his first hearing before the IJ.

*See Miranda-Bojorquez v. Barr*, 937 F.3d 1, 6 (1st Cir. 2019) ("It is unquestionable that [the petitioner] is now twenty-one years old, a fact that means he is no longer in his purported social group of 'minor children.'"). If Pacheco-Mota intended the latter definition—any person of any age who is the child of Guatemalan parents—it is far too amorphous and overbroad to satisfy the particularity requirement. *See Uriostegui-Teran v. Garland*, 72 F.4th 852, 855-56 (8th Cir. 2023) (rejecting "families of gang kidnapping and gang extortion victims" and other proposed social groups for lack of particularity); *Constanza v. Holder*, 647 F.3d 749, 753-54 (8th Cir. 2011) (agreeing with the BIA that petitioner's membership in "a family that experienced gang violence" lacked the "particularity required to constitute a social group"); *Ruiz-Garcia v. Sessions*, 724 F. App'x 505, 508 (8th Cir. 2018) (upholding the BIA's rejection of "children unwilling to participate in the Mara 18 gang" as a cognizable group because it "lacks definable boundaries" and "could include persons of any background").

Pacheco-Mota's proposed social group also fails for lack of social distinction. If we grant Pacheco-Mota the benefit of the broader definition of "children," the proposed social group is, in effect, all Guatemalan "witnesses to gang crime." Pacheco-Mota did not introduce evidence establishing that Guatemalan society "in general perceives, considers, or recognizes persons sharing the particular characteristic" of gang crime witnesses as a distinct group. *See Mayorga-Rosa v. Sessions*, 888 F.3d 379, 383 (8th Cir. 2018); *see also Davila-Mejia v. Mukasey*, 531 F.3d 624, 629 (8th Cir. 2008) ("[P]etitioners here failed to establish that their status as 'competing family business owners' gave them sufficient social visibility to be perceived as a group by society."). Pacheco-Mota argues that witnesses to crime are known to the public and that the gang "knew who he was." But the record does not establish that Pacheco-Mota took any public action against the gangs, and we have previously rejected the argument that witnessing a crime, by itself, is enough to establish membership in a particular social group. *See Miranda v. Sessions*, 892 F.3d 940, 943 (8th Cir. 2018) (concluding that a witness to a gang murder did not establish that he was part of "a socially distinct group, particularly since he did not testify against any gang members"); *see also Ngugi*, 826 F.3d at 1138 (holding that

-4-

"merely having seen or experienced crime" does not satisfy the particularity or social distinction prongs).

Because Pacheco-Mota failed to establish membership in a cognizable particular social group, the BIA did not err in denying his applications for asylum and withholding of removal. *See* § 1231(b)(3); *Uriostregui-Teran*, 72 F.4th at 856. We therefore need not address Pacheco-Mota's nexus-related arguments, whether for asylum or withholding of removal.

### III.

Thus, we deny Pacheco-Mota's petition for review.

_____