# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-3712

———————————————

Rudy Elias Calderon Recinos

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: July 9, 2024
Filed: July 12, 2024
[Unpublished]

————————

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.

————————

PER CURIAM.

Guatemalan citizen Rudy Elias Calderon Recinos petitions for review of an order of the Board of Immigration Appeals (BIA).[1] After careful consideration of the

---

[1]The denial of relief under the Convention Against Torture is not before this panel. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).

record and the parties' arguments on appeal, this court concludes substantial evidence supports the agency's determination that Calderon Recinos was not eligible for asylum and withholding of removal. See Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020) (agency's factual determinations, including decision that applicant failed to establish eligibility for asylum or withholding of removal, are reviewed for substantial evidence). Even assuming, as did the BIA, that Calderon Recinos presented a cognizable particular social group, Calderon Recinos failed to establish there was a nexus between any harm he feared and his membership in the group. See Silvestre-Giron v. Barr, 949 F.3d 1114, 1118 (8th Cir. 2020) (protected ground need not be sole reason for persecution, but it cannot just be "incidental or tangential to the persecutor's motivation") (internal quotation marks and citation omitted); see also Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (lack of a nexus is a basis to deny an asylum application); Gonzalez Cano v. Lynch, 809 F.3d 1056, 1059 (8th Cir. 2016) (same for withholding of removal). Because the BIA did not address the cognizability of the particular social group Calderon Recinos proposed, the matter is not before us. See Uriostegui-Teran v. Garland, 72 F.4th 852, 855 (8th Cir. 2023) (only BIA's order is subject to review).

The petition for review is denied. See 8th Cir. R. 47B.

_____