# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1675
_____

Evelyn Y. Ramos Juarez De Martinez; A.O.M.R.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 18, 2025
Filed: July 25, 2025
[Unpublished]
_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Evelyn Y. Ramos Juarez De Martinez (Petitioner) and her daughter Ashle, both natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) order denying their application for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT). Petitioner challenges the denial of her claims for asylum and withholding of removal. We deny the petition.

## I. *Background*

On August 14, 2016, Petitioner and her daughter Ashle—both natives and citizens of Guatemala—entered the United States without inspection or permission. On August 24, 2016, the Department of Homeland Security served both with a notice to appear that charged them with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for arriving in the United States without a valid entry document. Petitioner filed an application for asylum and withholding of removal based on membership in the particular social group of "Guatemalan women who live alone." A.R. 179. She also requested protection under CAT.[1] Petitioner included Ashle, who was a minor at the time, as a derivative beneficiary of her asylum application.

In a hearing before the IJ, Petitioner testified that she lived in Chiquimilillia, Guatemala, with her husband until he moved to the United States in 2005. She remained in Chiquimilillia—living with her mom, her sister, and Ashle—until she moved to Guatemala City, Guatemala, in 2015. In Guatemala City, Petitioner lived with her sister, her sister's husband, their child, and Ashle. Petitioner "testified that she fears criminal gang members in Guatemala." *Id.* at 4. Specifically, she testified that on May 19, 2015, Petitioner and her mother were walking in Chiquimilillia, and a car began following them. Two men exited the car and tried to grab them, but the owner of a nearby pharmacy prevented him from doing so. Similarly, on July 15, 2016, Petitioner was picking up Ashle from school in Guatemala City when two men tried to grab them and threatened to kill them. Fortunately, a taxi driver came to their rescue. Petitioner testified that she believed these events occurred because she had been observed alone without her husband. Petitioner reported neither event to the police. She believed that it would have been futile. Petitioner also testified that if she and Ashle had to return to Guatemala, her husband would return with them.

---

[1]Petitioner does not challenge the denial of CAT relief.

The IJ supported its oral decision denying the application for asylum and withholding of removal for several reasons. First, the IJ held that "the harm inflicted . . . [did] not amount to the level of harm contemplated by asylum law as persecution." *Id.* at 64. The court noted that she did not suffer physical harm and that the threats did not "rise to the level of persecution." *Id.* at 65. Second, Petitioner claimed harm by a private actor, not the Guatemalan government, and the IJ held that Petitioner did not show that the Guatemalan government was "unable or unwilling" to protect her. *Id.* The IJ noted that "she did not seek police protection." *Id.* In addition, the court considered country conditions and mentioned that Guatemala was "working on" issues related to criminal gangs. *Id.* Third, the IJ held that Petitioner did "not show[] a nexus between the harm she experienced . . . and the particular social group" that she identified. *Id.* at 66. The record evidence "indicate[d] that gangs target individuals indiscriminately," not because she was a woman who lived alone. *Id.* Fourth, the IJ found that Petitioner's proposed social group was not cognizable. It was "not immutable[] as living arrangements change all the time." *Id.* at 67. It was "not particular" because the "defining terms [we]re subjective, overbroad, and vague, and they lack[ed] clear benchmarks." *Id.* The group was not socially distinct because there was "no evidence in the record that Guatemalan society views women who live alone as socially distinct or that this group suffers from a higher incidence of crime than anyone else." *Id.* at 67–68. The IJ also dismissed Petitioner's request for CAT relief because it was based on the same reasons underlying her claims for asylum and withholding of removal. The court also noted the lack of evidence "that the Guatemalan government acquiesces to the criminal activity caused by criminal gangs." *Id.* at 68.

Petitioner appealed the IJ's decision to the BIA, and the BIA affirmed. First, the BIA agreed that Petitioner's proposed social group was not cognizable. Petitioner lived with others in Guatemala, so the BIA found that she was "either not a member of her proposed particular social group or the phrase 'living alone' [was] subjective and d[id] not provide a clear benchmark for membership." *Id.* at 4. The BIA addressed Petitioner's argument "that the absence of daily, male accompaniment [was] a defining characteristic" of the group. *Id.* at 4 n.4. But it was "not persuaded

that this characteristic [was] evident in the . . . group as defined" and declined to allow her to redefine her group. *Id.* Second, the BIA agreed that Petitioner did not show that the Guatemalan government was "unable or unwilling to offer its protection against the private actors feared" because she "did not seek police assistance or meet her burden to establish that it would have been futile to do so." *Id.* at 4. The BIA also affirmed the IJ's denial of CAT relief. Petitioner then filed this petition for review.

## II. *Discussion*

"We review the agency's factual determinations under a deferential substantial-evidence standard, and review questions of law de novo but with deference to the BIA's reasonable interpretation where appropriate." *Gonzalez Cano v. Lynch*, 809 F.3d 1056, 1059 (8th Cir. 2016). "Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Pacheco-Mota v. Garland*, 84 F.4th 762, 765 (8th Cir. 2023) (internal quotation marks omitted).

"To qualify for asylum, [Petitioner] bears the burden of demonstrating that she is a 'refugee,' who is unable or unwilling to return to [Guatemala] because of past persecution or a well-founded fear of future persecution on account of her 'membership in a particular social group.'" *Fuentes-Erazo v. Sessions*, 848 F.3d 847, 852 (8th Cir. 2017) (quoting 8 U.S.C. §§ 101(a)(42)(A), 1158(b)(1)). To qualify for withholding of removal, Petitioner must show a "clear probability" of persecution, which is a "higher burden" than asylum. *Id.* When an applicant seeks asylum or withholding of removal "based on membership in a particular social group, the applicant must prove first, that [s]he is a member of a cognizable particular social group, and second, that the persecution [s]he would suffer would be on account of h[er] membership in that social group." *Gonzalez Cano*, 809 F.3d at 1058; *see also Fuentes-Erazo*, 848 F.3d at 852. To be cognizable, a particular social "group must share a common, immutable characteristic, must be defined with particularity, and must be socially distinct." *Gonzalez Cano*, 809 F.3d at 1058. Whether a particular social group is cognizable is "a question of law, which we review de novo."

*Pacheco-Mota*, 84 F.4th at 765 (internal quotation marks omitted). But whether an applicant is a member of a group is a fact question that we review for substantial evidence. *See Fuentes-Erazo*, 848 F.3d at 852.

The BIA denied the petition because (1) Petitioner was either not a member of the group or the group was not particular as defined and (2) Petitioner did not show that the Guatemalan government was unable or unwilling to protect her. Because we agree with the first point, we need not address the second.

Petitioner claims persecution based on membership in the proposed social group of "Guatemalan women who live alone." Pet'r's Br. at 2. Petitioner alleges that gang members threatened her twice. On each occasion, she lived with other people, including her daughter, her sister, and her sister's husband. Petitioner also testified that if she and Ashle had to return to Guatemala, her husband would return with them. Substantial evidence supports the BIA's determination that she was not a member of the alleged group. *See Fuentes-Erazo*, 848 F.3d at 853 (denying a petition for review because substantial evidence supported the BIA's finding that the petitioner was not a member of the group "Honduran women in domestic relationships who are unable to leave their relationships" because the petitioner "was, in fact, able to leave her relationship" and did so); *see also De Castro-Gutierrez v. Holder*, 713 F.3d 375, 381 (8th Cir. 2013) (denying a petition for review because the petitioner claimed persecution on behalf of "membership within the Donado family," which was not cognizable, but even if it was cognizable, she failed to show she was "a member of the group in the first place as she never married Eduardo [Donado]").

Even assuming that Petitioner was a member of the asserted group, we agree with the BIA that her group is not cognizable. The record is unclear as to what would qualify as living alone. A proposed social group must be particular, which means that the group must be "defined by characteristics that provide a clear benchmark for determining who falls within the group." *Rivas v. Sessions*, 899 F.3d 537, 541 (8th Cir. 2018) (internal quotation marks omitted). A group must be "discrete with

definable boundaries," not "amorphous, overbroad, diffuse, or subjective." *Id.* (internal quotation marks omitted). Petitioner argues that she was a member of the group because "women living alone in Guatemala . . . is understood to mean women who lack male protection." Reply Br. at 8. The record does not support the assertion. As Petitioner always lived with others, including with her brother-in-law, the group described as "women who live alone" is not discrete with definable boundaries. Petitioner cannot redefine her group on appeal. *See Baltti v. Sessions*, 878 F.3d 240, 244 (8th Cir. 2017) ("When a petitioner attempts to narrow his group, his argument for membership in that narrowed social group was not clearly raised before the agency and we lack jurisdiction to review it." (cleaned up)). Because she cannot show persecution on account of membership in a cognizable social group, Petitioner's claims for asylum and withholding of removal fail.

## III. *Conclusion*

We therefore deny the petition for review.

_____